## ELIZ. KUNTZ ET AL. v. C. B. SCHUMACHER.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILA-
DELPHIA COUNTY.

Argued April 2, 1888—Decided April 23, 1888.

1. Section 9, act of March 14, 1865, P. L. 320, providing that no property registered as therein required " shall be subject to sale for taxes thereafter to accrue as a lien of record thereon, except in the name of the owner as returned, and after recovery by suit and service of the writ on him, made as in case of a summons," is inapplicable if the taxes for which the land is sold accrued as a lien of record thereon before the registry of the property in the name of one claiming adversely to such sale.
2. In an ejectment, plaintiff claimed title as purchaser at sheriff's sale in February, 1870, under a levari facias sur judgment entered February, 1866, upon a municipal claim for taxes filed October, 1865, for taxes assessed in Philadelphia in 1860.  Defendant claimed title under a purchaser at sheriff's sale in June, 1867, on a venditioni exponas sur judgment entered November, 1866, for arrears of ground-rent reserved by deed in 1853, the record showing a balance of the tax claim unpaid by the purchase money, and the purchaser registering the property in his name under said act when he received his sheriff's deed in September, 1867.
Held, that as the taxes, for which the sale to the plaintiff was made, had accrued as a record lien in 1865 prior to the sale to defendant's grantor in 1867, the plaintiff was entitled to recover.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 248 January Term 1888, Sup. Ct.; court below, No. 475 December Term 1885, C. P. No. 4.

On December 12, 1885, an action of ejectment was brought by John Kuntz against John Schumacher and Christina B., his wife, in right of said wife, to recover a lot of ground on Richmond street in the Twenty-fifth ward of Philadelphia. Subsequently the facts were agreed upon as in a case stated and were as follows:

On October 5, 1865, a tax claim was filed against Ryan and Walton, as owners of the property in dispute, for $44.33, de-

linquent taxes of 1860, on which claim a scire facias was issued December 9, 1865, and being returned " made known " judgment was entered February 28, 1866, for $45.65.   On December 20, 1869, a levari facias was issued upon this judgment and the premises sold thereon to John Kuntz, the plaintiff, who received the sheriff's deed therefor dated February 5, 1870, duly acknowledged and recorded.   This was the plaintiff's title.

The defendant's title was as follows : On November 22, 1853, the lot in dispute was conveyed by one Solomon Alter, trustee, to Lemuel L. Davis, reserving a ground-rent therein ; deed duly recorded.   Judgment was obtained by Alter against Davis on November 24, 1866, for arrears of ground-rent thus reserved, upon which judgment, by fieri facias and venditioni exponas to June Term 1867, the lot was sold at sheriff's sale for $110 to Jeremiah Rhoads who received the sheriff's deed therefor on September 28, 1867, duly acknowledged and recorded.   This deed to Rhoads was at once registered in the Department of Surveys, under § 9, act of March 14, 1865, P. L. 320, which is as follows :

It shall be the duty of all owners of houses and lots to furnish, forthwith, descriptions of their property to the chief engineer and surveyor, to aid him in making up the books of plans ; and whensoever such descriptions shall have been so furnished, and the certificate of the chief engineer and surveyor shall be received, no property, so returned, shall be subject to sale for taxes thereafter to accrue as a lien of record thereon, except in the name of the owner, as returned, and after recovery by suit and service of the writ on him, made as in case of a summons ; and all such returns shall be arranged and filed alphabetically.

After the payment of the costs in the sale under said judgment for arrears of ground-rent, there was a balance of $33.25, which might have been applied on account of the above mentioned judgment on the tax-claim, and taxes were then due amounting to $163.06.

The title of Jeremiah Rhoads to the premises in dispute subsequently became vested in Christina B. Schumacher, the defendant, by divers conveyances ending with that of Mary Armstrong, dated November 30, 1883, duly recorded.

On December 10, 1887, the death of the plaintiff was suggested and his devisees were substituted as plaintiffs.

On December 24, 1887, the court, ARNOLD, J., filed the following opinion :

By the case stated we are informed that Mrs. Schumacher is in possession of the premises in dispute, by a title derived through a sheriff's sale held on the first Monday of July, 1867. The sheriff's deed was acknowledged on September 28, 1867, and it was duly registered in the survey department on the same day. The property was sold under a judgment recovered November 24, 1866, for arrears of rent reserved by deed dated November 22, 1853 ; and of the price paid at the sheriff's sale, $110, after deducting costs, there was a balance of $33.25 in the sheriff's hands.

The plaintiff purchased at a sheriff's sale held on the first Monday of January, 1870, on a claim for $44.33 for registered taxes of 1860, filed October 5, 1865, on which judgment was entered on February 28, 1866.

The rights of the parties under their respective deeds are to be determined and settled by the Assessment of Taxes act of March 14, 1865, P. L. 320, which provides for the registration of descriptions of property in the survey department, and in the 9th section enacts that, " whensoever such descriptions shall have been so furnished, . . . . . no property so returned shall be subject to sale for taxes thereafter to accrue as a lien of record thereon, except in the name of the owner as returned, and after recovery by suit and service on him made as in case of a summons," etc.

Caveat emptor is the rule at sheriff's sales. It is the duty of the buyer to look at the records before he bids, or he will be affected by all defects in the right of action and the conduct of it, of which inquiry and inspection would have informed him. If the plaintiff had examined the registry of real estate as returned to the survey department, he would have discovered that the title to the property in dispute was in the grantor of the defendant; that the property had been sold two years and a half previously, at a sheriff's sale, for a sum which apparently discharged the tax claim ; and if he had gone to the sheriff's docket or inquired of the sheriff, he would

have learned that the claim was discharged as to three fourths of it, and that, notwithstanding all this, the property was to be sold on a judgment four years old, which was entered prior to the former sheriff's sale, without giving credit for the amount realized at the former sale, and without notice or warning to the registered owner.

But it is said that the judgment for taxes was a valid lien as to the fragmentary part thereof, to wit, $11.08, and that the registered owner at the time of sale was not entitled to warning before execution was issued. This we think is too strict a construction of the act of 1865. The words are, " no property so returned shall be subject to sale for taxes thereafter to accrue as a lien of record 'thereon, except in the name of the owner as returned," etc. If we dwell upon the words " subject to sale " they would seem to indicate that the owner at the time of the sale should be warned. Perhaps this would be too liberal a construction in all cases, but in turning away from it we should not run into the other extreme and give the words " thereafter to accrue as a lien of record thereon " too narrow a construction in cases in which the property had been previously sold by the sheriff, and the deed to the vendee was registered at the time of the second sale, although it was not registered on the day the scire facias was issued on the claim. On the contrary we should give them such a construction as will protect sheriff's vendees who have complied with the registration act before the second sale, when the registered owner is not served with process to execute it, by holding purchasers subject to such defences as notice, if given, would have called forth or concluded. Notice in this case would have shown that after the entry of the judgment for taxes there had been a sheriff's sale of the property which prima facie discharged the whole of the tax claim, and legally discharged there fourths of it; that four years had elapsed since the judgment was entered, and that, notwithstanding the defences thus shown, the property was about to be sold for the whole of the tax claim without reduction and without notice to the registered owner. Under these circumstances, we think the purchaser at the first sale might safely rest upon the prima facie discharge of the tax claim, and that before execution was issued the registered owner should have been warned to show

cause why the property should not be taken in execution on the tax claim, and made "subject to sale," a second time, and that the failure to warn him is fatal to the title of the plaintiff.

Judgment having been entered in favor of the defendants, the plaintiffs took this writ, assigning as error the entry of judgment for the defendants on the case stated.

*Mr. William H. Staake,* for the plaintiffs in error:

1. A purchaser at a sheriff's sale under a judgment on a scire facias upon a tax claim, is not bound to show that the acts of assembly have been strictly complied with. He is protected by the judgment, and the validity of the sale cannot be impeached by evidence that the taxes had been paid before the rendition of the judgment: Murray v. Ellis, 112 Pa. 485; Claypoole v. Dorsey, 5 Clark 192; Delaney v. Gault, 30 Pa. 63; Cadmus v. Jackson, 52 Pa. 295.

2. The language of § 9, act of March 14, 1865, P. L. 320, protects the registered owner against a sale for taxes *thereafter* to accrue as a lien of record thereon, except in his name, as returned. It is shown that all the taxes due were $163, and that after the payment of costs of the sale under the judgment for arrears of ground-rent, there was a balance of but $33.25 to apply thereto. By § 6, act of March 11, 1846, P. L. 115, the lien of tax claims shall not be divested by any judicial sale "as respects so much thereof as the proceeds of such sale may be insufficient to discharge and pay." This act includes claims for registered taxes: Duffy v. Philadelphia, 42 Pa. 192; and the taxes are secured by a lien from the time of their assessment: Dungan's App., 88 Pa. 414; Camac v. Beatty, 5 Phila. 129; Commrs. of Spring Garden's App., 8 W. & S. 444; Northern Liberties v. Swain, 13 Pa. 116.

3. Had the purchaser on the arrears of ground-rent judgment looked at the records, he would have found that the taxes of 1860 were unpaid, and were a prior lien: § 1, act February 3, 1824, 8 Sm. L. 189; act of March 11, 1846, P. L. 115; § 11, act February 2, 1854, P. L. 29; § 2, act of April 21, 1858, P. L. 385; and that on October 5, 1865, the city solicitor, had filed in the Court of Common Pleas a claim making these taxes, in addition to the lien by law and by the act of

1858, a lien as a "municipal claim for taxes," against the lot in question by actual description.

*Mr. Horace Haverstick*, for the defendants in error:

The sheriff's sale, on which the defendants' title is based, was made under a judgment for arrears of ground-rent reserved by a deed made in 1853, and that sale discharged all subsequent liens and incumbrances, including the taxes of 1860, except about $11, unpaid by the proceeds of sale and the lien thereof preserved by act of March 11, 1846, P. L. 29; Bantleon v. Smith, 2 Binn. 146; Sands v. Smith, 3 W. & S. 12. It was not the duty of the purchaser to examine to see if that balance was paid, but relying upon the reasonable presumption that the purchase money of the prior sale was enough to pay it, and upon the principle of Bantleon v. Smith, supra, and Foulke v. Millard, 108 Pa. 230, he could rest upon that presumption, and had a good title free from liens.

2. We submit that the registry act of March 14, 1865, P. L. 320, and its supplement of March 29, 1867, P. L. 600, are remedial acts, most beneficial in their purpose, and they should receive a liberal construction. They were enacted to prevent just such sales as the one in question, viz.: a sale made without notice given to the owner of the property sold. The act of 1865 enacts: "No property shall be subject to sale . . . . . except in the name of the owner as returned." The purchaser at the sale in 1867, registered his deed on the day of its date, and his grantees are clearly entitled to the protection of the act: Simons v. Kern, 92 Pa. 455; Herring v. Chambers, 103 Pa. 172.

3. The defendants were entitled to notice of the intention to enforce payment of the balance due on the tax claim, before a sale of the property could be made a second time. Independent of the act of 1865, this is the application of a principle frequently applied to mortgages which apparently have been discharged by a sheriff's sale. If by the agreement of the buyer, or under the terms of a sheriff's sale, a lien remains which in law or in fact is discharged, undoubtedly it may be enforced against the property, but notice of the proceeding to enforce payment is always required: Crooks v. Douglass, 56 Pa. 51; Ashmead v. McCarthur, 67 Pa. 326; Muse v. Letterman, 13 S. & R. 167; Stackpole v. Glassford, 16 S. & R. 163.

OPINION, MR. JUSTICE STERRETT:

It may be conceded that defendants are rightfully in possession of the premises in controversy, unless the title based on the sheriff's sale of 1867, under which they claim, was divested by the sale for taxes in 1870, under which plaintiffs claim. Whether it was thus divested or not, depends on the provisions of the registration act, March 14, 1865, P. L. 320.

The ninth section of that act makes it the duty of "all owners of houses and lots to furnish forthwith descriptions of their property to the chief engineer and surveyor," for the purpose of registration, and provides that " whensoever such description shall have been so furnished . . . . . no property so returned shall be subject to sale for taxes, thereafter to become due as a lien of record thereon, except in the name of the owner as returned, and after recovery by suit and service of the writ on him as in the case of a summons." When Jeremiah Rhoads, defendants' predecessor in title, purchased at sheriff's sale in 1867, his deed was duly registered; and the contention is that there could be no valid sale thereafter, for taxes, except in his name as registered owner, etc., according to the above quoted provisions of the act; and inasmuch as they were not complied with, Rhoad's title under which defendants claim was not divested by the sale in 1870 on the tax lien. This would undoubtedly be correct if the taxes for which the land was sold accrued " as a lien of record thereon," after the date of said registration in 1867; but such was not the fact. The taxes were assessed in 1860, filed against Ryan and Walton, owners, etc., in 1865, and judgment regularly entered therefor on the scire facias in February, 1866, nearly a year before Rhoads purchased and registered his deed. In no sense, therefore, did the taxes accrue thereafter as a lien of record. On the contrary, they became a lien and were in judgment before the sheriff's sale at which Rhoads purchased. Indeed, after payment of costs out of the proceeds of sale, the residue, $33.25, was applied to the tax lien, leaving about $12.40 thereof still unpaid, and, of course, the lien thereof undisturbed. Rhoads and those who succeeded to his title are presumed to have known that the tax lien was still in force as to that unpaid balance, and that the premises were liable to be sold therefor at any time. It was therefore their

duty to have paid the same without further notice. In Simons v. Kern, 92 Pa. 455, it was said it is the duty of a purchaser at sheriff's sale to see that the authority to sell exists. The record in this case shows the sale at which plaintiffs purchased was authorized; and there appears to be no escape from the conclusion that the title under which defendants claim was divested by that sale.

> Judgment reversed; and judgment is now entered on the case stated in favor of the plaintiffs for the premises described therein, with six cents damages and costs.