## Philadelphia *versus* Scott.

1. The Act of March 23d 1866, repealing the laws requiring advertisement of "municipal claims," does not apply to registered taxes.

2. The Acts of Assembly relating to city taxes and municipal claims compared and construed.

May 28th 1872.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error (from the Eastern District) to the District Court of *Philadelphia :* Of January Term 1872, No. 230.

This was a scire facias, issued October 21st 1870, by The City of Philadelphia against Freeman Scott, owner, &c., on a tax claim amounting to $237.16, filed against a lot of ground on Carlton Street, with the building erected on it, &c.   The return to the writ was, " Made known by posting and publication, and nihil habet as to the defendant."

By Act of February 3d 1824, § 1, 8 Smith's L. 189, 2 Br. Purd. 1084, pl. 1, all taxes, &c., in Philadelphia on real estate shall be a lien on such real estate.

By the Act of April 16th 1845, § 3 Pamph. L. 496, 2 Br. Purd. 1086, pl. 12, the treasurer of Philadelphia was authorized to enforce payment of such taxes and to employ counsel for the purpose.

By Act of January 23d 1849, § 3, Pamph. L. 686, 2 Br. Purd. 1090, pl. 34, sales under municipal claims are to be made only after three months' publication in daily newspapers in Philadelphia, before commencing suit on the claim.   By Act of March 11th 1846, § 2, Pamph. L. 114, 2 Br. Purd. 1087, pl. 18, the claim for taxes is to be filed in the office of the prothonotary of the District Court, and the city may proceed by action of debt against the person liable for the taxes or proceed by scire facias, as in case of mechanics' liens.   In case of mechanics' liens, if the defendant cannot be found in the county and there be no one residing on the premises, the sheriff shall affix a copy of the scire facias on the house.   By the Act of April 12th 1859, § 1, Pamph. L. 114, 2 Br. Purd. 1087, pl. 16, the powers and authority of the treasurer were conferred on the receiver of taxes.

[Philadelphia *v.* Scott ]

On the 23d of March 1866 (Pamph. L: 303, 2 Br. Purd. 1091, pl. 42, *et seq.*), there was enacted "A further supplement * * * regulating the filing and collection of municipal claims."

The preamble and the first section are :—

"Whereas, Frequent and just complaints have been made, that great expenses are imposed upon the owners of real estate in the city of Philadelphia, by the necessary costs for advertising municipal claims before suit brought, as required by existing laws, and great injustice is frequently done to the owners of property liened by the city, who are ignorant of the existence of claims against the same, by the accumulation of the costs of suit thereon, and by selling said properties without actual notice to them :* * *

"Sec. 1. That all laws and parts of laws, requiring the advertisement before suit brought, of municipal claims of every description, so *far* as said requirements are concerned, are hereby repealed, and in lieu thereof, and as a sufficient substitute therefor, it is hereby declared, that before any scire facias shall be issued on any such claim, it shall be the duty of the city solicitor to cause diligent search to be made by an assistant or clerk, for the owners or reputed owners of all real estate, against which there has heretofore been, or may hereafter be, filed, any claim in the name of the city of every kind, and to serve him or her with a written or printed notice to make payment to the city solicitor within ten days."

By subsequent sections it is provided that "the writs of scire facias shall be served by the sheriff, by advertising and posting as now by law required," and before judgment by default, the court must be satisfied by affidavit, that if the owner had a known residence in the city, he had been served before suit with notice of the claim ; if the owner had no known residence in the city but has residence elsewhere, that notice of the claim had been sent to him by mail ; if his residence could not be ascertained, that the premises had been visited and the notice served on the occupant·if there were one, if unoccupied, that a notice of the claim was affixed on the premises, &c., with other provisions to ascertain the owner for the purpose of serving him.

The cause was tried May 19th 1871, before Thayer, J. The claim was given in evidence by the plaintiff, and it was admitted, that no notice had been given to the defendant under the Act of March 23d 1866, before issuing the scire facias.

The court reserved the point whether the neglect of the plaintiff to give the notice to the defendant required by the Act of 23d March 1866, before issuing the scire facias, constituted a defence to this action and prevented the plaintiff's recovering; and directed the jury to find a verdict for the plaintiff, subject to the decision of the court in banc, upon the reserved point. The jury found a verdict for the plaintiff for $160.20 ; and afterwards the

court, sitting in banc, entered judgment for the defendant upon the said reserved point.

The plaintiff sued out a writ of error from the Supreme Court, and assigned the entering of judgment for defendant for error.

*J. S. Powell* and —— *McFadden* (with whom was *E. Poulson*), for plaintiff in error.—" Registered taxes " and " municipal claims " are not convertible terms : Northern Liberties *v.* St. John's Church, 1 Harris 104 ; Pray *v.* Northern Liberties, 7 Casey 69.

*Myers,* for defendant in error.

The opinion of the court was delivered, July 3d 1872, by

READ, J.—By the Act of the 3d of February 1824, taxes on real estate in the city and county of Philadelphia, are declared to be a lien on said real estate, giving it a priority before any recognisance, mortgage, judgment, debt, obligation or responsibility, which the said real estate may become charged with, or liable to, from and after the passing of the act, and it is made the duty of the commissioners of the county of Philadelphia, to keep a fair and correct register in a book or books, to be opened by them for that purpose, and to be called " The Register of Unpaid Taxes on Real Estate," in which they shall enter all taxes, which shall be delivered to them in conformity with the provisions of the act.

By construction, and also by the positive provision of the 8th section of the Act of 11th March 1846, " no law now in force shall be so taken or construed, as to require the city of Philadelphia, or any district of the county of Philadelphia, or the board of health, to register in the office of the county commissioners, any claim for curbing, paving, grading, laying pipes or culverts, or the expenses of removing nuisances."

By the 3d section of the Act of the 16th April 1845, the treasurer of the county of Philadelphia shall have power to enforce the payment of registered taxes, and to employ counsel, who shall receive five per cent. on all sums collected by him, in full compensation for his services in collecting. Suits for registered taxes to be in the name of the county.

Upon the consolidation of the city under the Act of 2d February 1854, as carried out by subsequent acts, the offices of the county treasurer and county commissioners were abolished, and the receiver of taxes was invested with full power to collect the taxes, and to give notice to delinquent tax-payers, and upon him devolved the duty of keeping " The Register of Unpaid Taxes on Real Estate," and by the Act of the 9th of April 1861, he was authorized to charge delinquent tax-payers a commission of five per cent., to be paid to and received by the receiver of taxes, which charge was repealed by the Act of 9th January 1867.

[Philadelphia *v.* Scott.]

By an Act of the 24th of March 1870, Pamph. L. 545, the receiver of taxes was directed to appoint a person to be denominated collector of all outstanding or delinquent taxes due the city of Philadelphia, who shall hold his office for the term of three years, to whom he shall hand over immediately " the registries of all outstanding or delinquent taxes due and owing said city, and upon the first day of February Anno Domini, one thousand eight hundred and seventy-one, and each succeeding year, the registry of delinquents for the previous year."

The said collector is immediately to " proceed to collect all such delinquent taxes, either out of the *personal or real* estate of said delinquent owner, wherever the same may be found, and for such purpose he shall be and is hereby invested with full and absolute authority to levy and sell either the personal or real estate of said owner."

He is to file liens, take judgment and sell the real estate. And by the 5th section, " the compensation of the said collector shall be five per cent. upon the amount he shall collect and pay over to the city treasury. Provided, That the city of Philadelphia shall not be liable for any expense for advertising, office-rent, clerk-hire or any other cost of collection ; all such expenses to be paid by the collector."

By the Act of 31st of March 1864, it is made the duty of the prothonotaries of the Court of Common Pleas and of the District Court of the city and county of Philadelphia, to keep a *Locality Index,* in which shall be registered the street front of real estate against which claims are or shall be filed, to enforce liens for taxes, *municipal work,* or of mechanics and material-men.

By the Act of the 16th February 1866, it is also made their duty to place on the Locality Index, the street front of real estate against which writs of scire facias shall issue, to enforce the collection of any claim filed for taxes, *municipal work* or of mechanics and material-men.

By the Acts of 14th March 1865, and 2d of February and 29th of March 1867, and 24th of March 1868, the Board of Revision of Taxes was established and its powers defined, and the chief engineer and surveyor is to cause to be made books of plans of the city, divided into sections, so far as the streets are or shall be laid out, and under the said acts and ordinance of the city, there is established in the Department of Surveys, a " Registry Bureau," of which the chief engineer and surveyor is the executive head.

According to law the receiver of taxes advertises the names of delinquent tax-payers, in each ward, and the cost of advertising each name in any one ward, in two newspapers, shall not exceed fifteen cents. By the Act of 21st March 1862, Pamph. L. 152, upon the receipt of the registries by the collector of outstanding or delinquent taxes, it is the practice of that officer, to give to each

delinquent tax-payer, thirty days' notice personally before any pro-
ceedings are taken against him.

There is but one city and county tax for all purposes.

In the old city proper all the improvements were paid for by
general taxation, and by loans effected on the credit of the corpo-
ration.

Instead of incorporating the suburbs into the city, or extending
the city limits to include the built portions and population beyond
them, on the north, south and west, distinct corporations called
districts were created over specific portions of territory. These
districts being sparsely settled, with large vacant spaces, and in-
habited by persons unable to bear heavy taxation, adopted the
system of imposing the costs of the improvements upon those who
were immediately benefited by them. The improvements so made
consisted of pitching and paving streets and alleys, for digging
down, filling up, and for curbing, paving and repairing any foot-
way within the same, and also for building culverts and laying
down iron pipes within the same, the costs of which were imposed
upon the real estate in front of which they were made, according
to the front foot, and were made liens, and provision was made for
filing claims and demands for the same, and for the recovery of
the same by writ of scire facias by the 8th and 9th sections of the
Act of 16th April 1840, Pamph. L. 414, 415. By subsequent
acts these provisions have been extended to the old city proper
with a single exception. These are styled municipal claims.
Claims filed by the board of health for the expenses attending
the removal of nuisances may also be classed as municipal claims.

By an act entitled "A further supplement to an act consoli-
dating the city of Philadelphia, &c., regulating the filing and col-
lection of municipal claims," passed 23d March 1866, Pamph. L.
303, it is recited: Whereas, Frequent and just complaints have
been made that great expenses are imposed upon the owners of
real estate in the city of Philadelphia, by the necessary costs for
advertising municipal claims before suit brought as required by
existing laws, and great injustice is frequently done to the owners
of property liened by the city, who are ignorant of the existence
of claims against the same, by the accumulation of the costs of
suit thereon, and by selling said properties without actual notice
to them, and whereas, it is just these grievances should be reme-
died :

It is enacted, "That all laws and parts of laws requiring the
advertisement before suit brought of municipal claims of every
description, so far as said requirements are concerned, are hereby
repealed, and in lieu thereof, and as a sufficient substitute there-
for, it is hereby declared, that before any scire facias shall be issued
on any such claim, it shall be the duty of the city solicitor to cause
diligent search to be made by an assistant or clerk for the owners

[Philadelphia *v.* Scott.]

or reputed owners of all real estate, against which there has heretofore been or may hereafter be filed, any claim in the name of the city, of every kind, and to serve him or her with a written or printed notice, to make payment to the city solicitor within ten days."

By the 2d section it is enacted: " If said claims are not paid within said time, they shall be sued out by the solicitor, and the writs of scire facias shall be served by the sheriff by advertising and posting as now by law required; but before any judgment by default shall be entered therein, the court shall be satisfied by an affidavit to be filed of record of the following facts," which have no bearing upon the present case. It is also provided, " that there shall be paid to the city solicitor *as costs*, five per cent. upon said claims to reimburse him for carrying into effect the provisions of this act, which percentage shall be in lieu of all costs heretofore and now chargeable for *advertising claims and liens before suing them out*, and in lieu of all percentage and commissions of all kinds whatever, now allowed or charged on any claim of whatsoever nature filed in the name of the city, and all municipal claims of every kind, whether to use or otherwise, shall be filed by the city solicitor." " This act shall apply to all claims and liens of whatsoever kind filed and to be filed in the name of the city, *whether to use* or otherwise."

The court below held that this act applied to, and covered registered taxes, although the words used are "municipal claims." This would certainly seem to be a very forced construction, when we consider that taxes and registered taxes have belonged exclusively to one department, the receiver of taxes, who collects them out of either real or personal estate. By the Act of 21st March 1862, the cost of advertising delinquent tax-payers before suit brought, was reduced to fifteen cents for each name, whilst the costs of advertising municipal claims before suit brought remained untouched. At the time of the passage of the Act of 1866, the receiver of taxes was authorized to charge delinquent tax-payers a commission of five per cent., to be paid to and received by him, which, if the new act applied, would oblige a delinquent tax-payer to pay ten per cent., compounded of five per cent. commission and five per cent. costs.

The Acts of 1864 and 1866, establishing the locality index, both speak of liens and claims filed for *taxes, municipal work* or mechanics and material-men, three distinct classes, and defining municipal claims as municipal *work*, a term which could not include taxes.

By the repeal of the Act of 9th April 1861, five per cent. was taken off the delinquent tax-payers, and by the Act of 24th March 1870 the five per cent. is not paid by the tax-payers, but by the public out of the moneys collected and paid over, whilst by

[Philadelphia *v.* Scott.]

the Act of 1866 the five per cent. is paid to the city solicitor as costs.

The case before the court was governed by the Act of 1870, and not by the Act of 1866.

In the office of the prothonotaries there are a " city tax-docket," in which the taxes are entered, and separate dockets for " city claims," and "city claims to use," &c., the last arising out of contractors agreeing to take the bills to be collected in-payment.

The duties imposed upon the city solicitor, as appears by the affidavit required by the Act of 1866, in order to secure personal notice of the proceeding to the real owner, are very onerous, and are justly considered as costs in the cause to be paid by the defendant. The Act of 1866 was drafted by the present attorney-general, then city solicitor, and neither he nor any subsequent city solicitor ever supposed it applied to registered taxes, or that municipal claims could be extended to include a distinct class of claims and registered taxes, the exclusive collection of which was vested in the receiver of taxes.

Judgment reversed, and *venire de novo* awarded.