## Simons *versus* Kern.

92    455
20 SC ¹207

92    455
25 SC ¹349

92    455
d 27 SC    556

92    455
212    ¹309

92    455
216    605

f217    ¹184
f217    ¹185
f217    ¹189

92    455
226 · ²482

1. Where an owner of real estate in the city of Philadelphia registers his deed therefor in compliance with the requirements of the Act of March 29th 1867, a sheriff's sale of said real estate passes no title where it was made under an execution in a suit in which the original writ was not served as directed by said act.

2. It is the duty of a purchaser at a sheriff's sale to see that the authority to sell exists. Where an examination of the registry bureau would have informed a purchaser that a lot sold had a registered owner, and the record of the proceeding on which he based his title admonished him that there was no such service of the writ as the law required, and without which the sale was expressly forbidden, he was visited with notice that the sale was unauthorized and void, and had no reason to complain that he took nothing by his purchase.

3. The absence of authority in the sheriff may be taken advantage of in an action of ejectment brought by the sheriff's vendee to obtain possession, although the sheriff's deed has been acknowledged to said vendee.

4. Certain premises were duly registered in the name of the proper owner. A scire facias upon a municipal claim issued against said premises, which was returned: "Made known by posting a true and attested copy of the within writ on the premises within described, September 11th, '75, and by advertising twice a week, for two weeks, in the 'Evening Bulletin,' a daily paper published in this city, agreeably to the Act of Assembly in such case made and provided. *Nihil habet* as to Samuel Simons." *Held*, that this return was not according to the provisions of the Registry Act, and was further defective, inasmuch as it did not set forth the place of posting and the time and manner of publication: Wistar *v.* City, 5 Norris 215.

5. Shields *v.* Miltenberger, 2 Harris 76, and Soullier *v.* Kern, 19 P. F. Smith, reviewed and followed.

January 15th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county*: Of July Term 1879, No. 115.

Ejectment by Walter R. Kern against Samuel Simons for a messuage and tract of land on the northeast corner of Thirty-second and Pearl streets, in the city of Philadelphia.

At the trial the plaintiff offered in evidence the record of a suit in the Court of Common Pleas, No. 1, by the City of Philadelphia to the use of Joseph W. Maull against Samuel Simons on a claim for work done on a culvert in front of the premises in dispute. A præcipe for a scire facias issued on the lien filed, and was accompanied by the affidavit of Maull, which set forth that Simons was the owner of the lot in question, and had a known residence in the city, and that defendant had served notice on said owner by giving to him personally notice of the claim, and making known the contents to him. That a scire facias issued against Simons, to which the sheriff made return:

" Made known by posting a true and attested copy of the within

[Simons *v.* Kern.]

writ on the premises within described, September 11th '75, and by advertising twice a week, for two weeks, in the 'Evening Bulletin,' a daily paper published in this city, agreeably to the Act of Assembly in such case made and provided. *Nihil habet* as to Samuel Simons."

Judgment was entered for want of affidavit of defence. A levari facias issued, and the property was sold to the plaintiff, to whom the sheriff executed a deed. This deed duly acknowledged and recorded was also offered in evidence.

Defendants offered in evidence:

1. The deed from John Shedwick and wife to Samuel Simons and his heirs, dated June 8th 1870, and duly recorded for the premises in question. 2. The certificate of the Survey Bureau of the Department of Surveys of the city of Philadelphia, endorsed upon said deed: "Registry Bureau, Survey Department, June 21st 1870. Entered." 3. A certificate of search from the survey bureau aforesaid, showing that the premises in suit stood, on the 1st of July 1870, registered as the property of "Samuel Simons, present owner."

The defendants requested the court to charge as follows: "That the Court of Common Pleas, No. 1, had no jurisdiction over the cause of the city to the use of Maull *v.* Samuel Simons, December Term 1874, No. 49, under the execution in which Walter R. Kern, plaintiff in the present cause, claims title to the real estate here in dispute, subsequently to the return to the sci. fa. sur municipal claim therein, and that the judgment and execution in the said cause of the city to the use of Maull *v.* Simons were and are null and void, and that the said Walter R. Kern took no title thereunder; all by reason of the operation of the Act of Assembly approved March 14th 1865, sect. 9, Pamph. L. 32, entitled, an act to promote the more certain and equal assessment of taxes in Philadelphia, as amended by the Act of March 29th 1867, sect. 1, Pamph. L. 600, Purd. Dig. 1379, pl. 137."

The court, Finletter, J., refused so to charge, and instructed the jury to find a verdict for the plaintiff, subject to the said point of law reserved for the consideration of the court in banc. Verdict for plaintiff, and afterwards judgment for plaintiff on the point of law reserved, when defendant took this writ, and alleged that the court erred in thus entering judgment.

*John Bellangee Cox* and *Wm. Henry Rawle,* for plaintiff in error.—By the Act of March 14th 1865, Pamph. L. 1030, Purd. Dig. 1376, a registry bureau was established, and the city divided into sections for the registry of every lot; and, under penalty, every buyer or seller was required to present his deed for registration. By the Act of March 29th 1867, Pamph. L. 600, Purd. Dig. 1378, pl. 137, it is made the duty of the purchaser to register

[Simons v. Kern.]

his deed, and after such registration the act declares, no sale for taxes or other municipal claims shall be made, except after recovery by suit and service of the writ upon the registered owner, as in the case of a summons. While it is true that a sheriff's vendee is not affected by mere defects or irregularities in the process, it is equally well settled, that no title passes by a sale made without authority or under illegal process, or where the objections touch the foundation of the proceedings, by impeaching the authority of the officer who makes the sale. A sale expressly prohibited by statute, does not constitute, as against the owner, a mere irregularity; it is made without authority and is clearly a nullity : Shields *v.* Miltenberger, 2 Harris 78 ; Wistar *v.* City, 5 Norris 215 ; Mortimer *v.* Piggott, 2. Dowling Prac. 616 ; Porter *v.* Neelan, 4 Yeates 108 ; Glancey *v.* Jones, 4 Id. 212 ; Allison *v.* Rheam, 3 S. & R. 139 ; Kintz *v.* Long, 6 Casey 501. Sheetz *v.* Wynkoop, 24 P. F. Smith 198, and Soullier *v.* Kern, 19 P. F. Smith 16, rule this case. The first case arose under the Act of April 18th 1861, Pamph. L. 409, Purd. Dig. 1061, pl. 183, which provides that : " No civil process shall issue or be enforced against any person mustered into the service of this state, or of the United States, during the term for which he shall be engaged in such service, nor until thirty days after he shall have been discharged therefrom."

The second, under the Act of 16th April 1840, section 10, Pamph. L. 413, Purd. Dig. 1088, pl. 23, which provides, " no property owned by minors, shall be sold under the provisions of this act, until the expiration of two years from the time the said minor shall have become of age."

The effect of these statutes is, that under the first act, no title passes if the owner is actually in military service—under the second act, no title passes if the owner is a minor ; and under the act of 1867, no title passes if the owner is registered. In fact, both Sheetz *v.* Wynkoop and Soullier *v.* Kern, are much less strong than this case. In those cases the purchaser could not possibly protect himself, while here he had but to examine the records of the registry department.

*Hood Gilpin* and *Charles Gilpin*, for defendant in error.—The form of return in City *v.* Simons, is identical with that used from the time of Delaney *v.* Gault, 6 Casey 63, in 1858, down to that of Wistar *v.* The City, 5 Norris 215, in 1878. It has always been . the law, in this state, that an irregularity or defect in the record of a suit was cured by judgment therein, and the acknowledgment of the sheriff's deed to a bona fide purchaser for value, and that such purchaser took a good and valid title to such property.

The most that may be said of the judgment in the suit of City *v.* Simons, is that it is voidable only, and not void absolutely ; and being so, may only be taken advantage of by proceedings in the

original suit, and is good to pass a title to a bona fide purchaser for value, if not so impeached and avoided.

Such a construction as is demanded would prevent the collection of the city taxes, should the owner of vacant and unoccupied premises leave the county and remain away; and throw such obstacles in the way of their collection, by the municipal authorities, as would render the expense of the collection of the duty, greater than the duty was worth. It would be at variance with the settled doctrine of this court, regarding the collection of taxes and duties, by placing the right of the community beneath that of the individual, and making the person and not the land itself liable to the burden.

In Wistar *v.* The City, *supra*, we have a recognition by this court, of the old mode of procedure practiced under and sanctioned by the laws of this state, and decisions thereunder for the last twenty years. Hundreds of titles have become vested thereunder, and this court is asked here to upset the entire law and practice, because the defendant neglected for six months, after he was notified, to attend to the suit of the city, until his title was divested by the sheriff's sale.

Mr. Justice STERRETT delivered the opinion of the court, January 26th 1880.

The question in this case is, whether the sheriff's sale, on which the defendant in error bases his claim to the lot in controversy, was valid or void. The plaintiff in error contends that it was void, for want of authority, and consequently his title was not divested thereby. If this be so, there was error in entering judgment against him on the question of law reserved.

It appears that in June 1870, immediately after he acquired title to the lot, his deed was duly registered in the registry bureau of the survey department of the city, and, on the following day, recorded in the office of the recorder of deeds. He had thus complied strictly with the requirements of the law, and had a right to rely on such statutory provisions as were intended for the benefit and protection of property owners who were not in default, in returning their property for registration. The supplement to the registry law, approved March 26th 1867, Pamph. L. 600, makes it the duty of purchasers, devisees and persons to whom allotments in partition are made, to present their deeds or title papers at the registry bureau, so that they may be endorsed in accordance with the act, and imposes a penalty for neglect to do so. It then provides that "no property so returned shall be subject to sale for taxes or other municipal claims thereafter to accrue as a lien of record thereon, except in the name of the owner as returned, and after recovery by suit and service of the writ on him as in the case of a summons." The lien was filed and proceedings thereon conducted in the name of the plaintiff in error as owner of the lot,

[Simons *v*. Kern.]

and in this particular the provisions of the act were complied with; but neither the writ of scire facias nor any other writ was served "on him as in the case of a summons," or in any other form. The sheriff's return to the writ of scire facias was "made known by posting a true and attested copy of the within writ on the premises within described, September 11th 1875, and by advertising twice a week, for two weeks, in the 'Evening Bulletin,' a daily paper published in this city, agreeably to the Act of Assembly in such case made and provided. *Nihil habet* as to Samuel Simons." Even if the plaintiff in error had not brought himself within the provisions of the registry act, above quoted, this return would have been defective, as was shown in Wistar *v*. The City of Philadelphia, 5 Norris 215. The Act of March 23d 1866, Pamph. L. 303, was intended to remedy the then existing grievances, fully recited in its preamble, among which were the oppressive costs and expenses to which property owners were subjected, and especially the sale of their property without notice to them; but the provisions of this act were deemed an inadequate remedy, and the following year the supplement above cited was passed. It provides, as we have seen, that no registered real estate shall be subject to sale except after service of the writ on the owner as in the case of a summons. The obvious purpose of this and previous legislation on the subject was to secure a complete record of real estate in the registry bureau of the city, so that it might be more readily subjected to taxes and other municipal burdens, and at the same time to render registered owners more secure in their titles by prohibiting sales for taxes or other municipal claims without the prescribed form of notice. It cannot be doubted that a sale made in direct violation of this statutory prohibition is void. It is not a mere irregularity that would be cured by the acknowledgment of the sheriff's deed. The omission to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner, and the like, may properly be regarded as irregularities which do not strike at the foundation of authority for the proceedings in which they occur, and will, therefore, be cured by subsequent judicial approval. As is said in Shields *v*. Miltenberger, 2 Harris 76, all the cases "distinguish between those objections that touch the foundation of the proceeding, by impeaching the authority of the officer or establishing the existence of fraud, and those which simply suggest irregularities in the process or sale. The absence of authority or the presence of fraud utterly frustrates the operation of the sale as a means of transmission of title, and avoids it from the beginning. Either may be insisted on, even after the formal acknowledgment of the conveyance; but mere irregularities, whether of omission or commission, which do not render the officer powerless, or taint the

[Simons *v.* Kern.]

transaction with turpitude, may be cured by the tacit acquiescence of those who ought to speak in time."

Prior legislation as to the mode of service on registered owners, so far as it is inconsistent with the supplement of 1867, was in effect repealed thereby, and where it appears of record, as it does in this case, that the writ was not served "as in the case of a summons," there is clearly a want of authority either to issue or to execute the writ. The purchaser at such unauthorized sale cannot claim protection. The maxim, *caveat emptor*, is applicable to him. It is his duty to see that authority to sell exists. In this case an examination of the registry bureau would have informed the purchaser that the plaintiff in error had registered his lot, and the record of the proceeding, on which he bases his title, admonished him that there was no such service of the writ as the law required, and without which the sale was expressly forbidden. He was, therefore, visited with notice that the sale was unauthorized and void, and has no reason to complain that he took nothing by his purchase.

In Soullier *v.* Kern, 19 P. F. Smith 16, construction was given to the tenth section of the Act of April 16th 1840, Pamph. L. 314, which enacts, inter alia, that "no property owned by minors shall be sold under the provisions of this act, until the expiration of two years from the time said minors shall come of age." A municipal claim for paving was filed against a lot owned by tenants in common, one of whom was a minor. After service of the scire facias, by posting and publication, judgment was obtained, and at a sale thereunder, the premises were purchased by the defendant, Kern, against whom an action of ejectment was brought by the owners. It was held, that while the sheriff's sale transferred the title of the adult owners, who were not within the protection of the statute, it did not divest the interest of the minor. Mr. Justice WILLIAMS, delivering the opinion of the court, said, "The object of the legislature in passing the act was to protect the estates of minors and prevent their sacrifice at judicial sales. * * * There was evidence tending to show that one of the plaintiffs was a minor; and if so, under the provisions of the act, his interest was not divested by the sale; and the court should have submitted the case to the jury with instructions that if they found he was a minor, at the time of the sale, then the sale, as respects his interest, was void, and he was entitled to recover."

In Sheetz et al. *v.* Wynkoop et al., 24 P. F. Smith 198; Kuntz *v.* Long, 6 Casey 501; Burd *v.* Dansdale, 2 Binn. 80; Allison *v.* Rheam, 3 S. &. R. 139, and Berry *v.* Hamill, 12 Id. 211, principles somewhat analogous to that involved in the present case were recognised. It has been repeatedly held also, that a sheriff's sale, under a writ of fieri facias, without inquisition or waiver thereof, is simply void and passes no title to the purchaser: Baird

[Simons *v*. Kern.]

*v*. Lent, 8 Watts 422; McLaughlin *v*. Shields, 2 Jones 283; Shoemaker *v*. Ballard, 3 Harris 92; ·Wolf et al. *v*. Payne, 11 Casey 97; Gardner *v*. Sisk, 4 P. F. Smith .506, and St. Bartholomew's Church *v*. Wood, 11 Id. 96.   The main ground of these decisions is, that the law requiring an inquisition to be held was intended for the benefit of the debtor.

It has been suggested that great inconvenience and loss must result from inability to obtain service of the writ on non-resident owners, if it is required to be served as a summons.   This may be so; but, if a remedy be needed, the power to provide it belongs to the legislature and not to the courts.   Arguments from inconvenience should not be permitted to prevail against the positive prohibition of the statute.

> Judgment reversed, and judgment on the question of law reserved, is now entered here in favor of the defendant below, *non obstante veredicto*.