## John McC. Reece *v.* Seward W. Haymaker, Appellant.

*Mechanic's lien—Name of owner—Surplusage—Practice.*

A mechanic's lien is not invalid, because the owner is named as " Estate of Mary Reece, deceased." The superfluous words used served merely to give notice that Mary Reece had died after the lien attached.

*Married women—Averments to charge.*

Where a mechanic's lien shows that a building was erected upon the separate real estate of a married woman, no other averment is necessary in order to charge the property.

*Apportionment of claim—Marketable title.*

In an action to determine the marketable title to real estate, where it appears that the real estate was sold by the sheriff in proceedings to enforce a mechanic's lien, objection cannot be made to the title on the ground that the mechanic's claim should have been apportioned between two houses.

*Scire facias—Act of February* 24, 1834.

A proceeding on a mechanic's lien is not an action within the meaning of the act of Feb. 24, 1834, § 34, P. L. 80, which provides that " in all actions against the executors or administrators of a decedent who shall have left real estate where the plaintiff intends to charge such real estate with the payment of his debt, the widow and heirs or devisees and the guardians of such as are minors shall be made parties thereto."

Argued Oct. 24, 1894. Appeal, No. 299, Oct T., 1894, by defendant, from judgment of C. P. No. 3, Allegheny Co.,

August Term, 1894, No. 13, on case stated. Before STER-
RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN
and FELL, JJ.   Affirmed.

Case stated to determine marketability of title to real estate.
The case stated was as follows :

" That Mary A. Reece (who was then and for years prior
had been the wife of the plaintiff) died on the 22d day of
March, 1890, intestate, and leaving her surviving husband, the
said plaintiff, and two minor children, seized and possessed in
fee simple, at the time of her death, of lots 3 and 4 in McClel-
land's plan of the borough of Turtle Creek ; her deed for said
lots being recorded in deed book, vol. 662, page 187, which is
made part hereof.   That at the time of her death a separate
dwelling house had been erected upon each of said lots, under
contract made by her, and one of the contractors and material
men having been unpaid for work and labor done and material
furnished in and about the construction and erection of said
dwelling houses, filed, after her death, a certain mechanic's lien
in the Court of Common Pleas No. 2, of Allegheny county, on
August 29, 1890, for work done and materials furnished subse-
quent to October 1, 1889, entitled: " Jobe & Meanor v. The
Administrator of Mary Reece, deceased, owner or reputed
owner," at No. 12 October Term, 1890, which mechanic's lien
is made part hereof.   That a writ of scire facias was issued
thereon at No. 212 January Term, 1891, of said court, and pros-
ecuted to judgment, and a writ of levari facias having been
issued at No. 207 January Term, 1891, by virtue of which the
sheriff advertised and sold the said buildings and premises to
plaintiff for the sum of $2,625 ; a sheriff's deed was executed
and delivered therefor to said plaintiff, recorded in deed book,
vol. 722, page 609.   That the record of all proceedings by writ
of scire facias and levari facias above referred to and the said
sheriff's deed are made part of this statement.

" That the plaintiff and defendant did, on April 15, 1894,
enter into a lawful and binding contract wherein and whereby
the plaintiff covenanted and agreed, by deed of general war-
ranty, to well and sufficiently grant, convey and assure unto
the defendant, in fee simple, clear of all incumbrances, the said
lots of ground, with the buildings thereon, for and in consid-

eration of the sum of $6,000 cash, to be paid by the defendant to the plaintiff upon delivery of the aforesaid deed on or before May 1, 1894, the plaintiff further covenanting that he possessed a good and sufficient marketable title to said premises. That the plaintiff did, on or before May 1, 1894, tender the defendant a deed in proper form, for said premises, but the defendant refused to accept the same and pay the purchase money agreed upon, alleging and insisting that the plaintiff did not have a good and sufficient marketable title thereto, for the following among other reasons :

" 1. That the mechanic's lien through which plaintiff derives title avers that ' The name of the owner or reputed owner of said building is the estate of Mrs. Reece, deceased,' instead of averring that the owner was the said Mrs. Mary A. Reece as if living ; or averring that the names of the owners were the names of the husband and heirs at law.

" 2. That the said mechanic's lien does not contain the necessary averments to charge the estate of the said Mary A. Reece, she being, at the time the said debt was contracted, a married woman.

" 3. That the said mechanic's lien was void because the amount due thereon was not apportioned between the two houses, they being separate and distinct buildings upon separate lots of ground.

" 4. The writ of scire facias upon said lien was issued against and served upon the administrator of said Mary A. Reece alone, and without her husband and heirs at law being either named or served ; by reason whereof the interest of her minor children in said property was not divested.

" 5. That by reason of other irregularities and informalities in said proceedings plaintiff's title is not good and sufficient and marketable.

" If the court be of opinion that the plaintiff's title to said premises is good and marketable and in accordance with his agreement, then judgment to be entered for the plaintiff ; but if not, then judgment to be entered for the defendant, the costs to follow the judgment.   And either party reserving the right to sue out an appeal therein to the Supreme Court."

The following opinion was filed by Kennedy, P. J. :

" Upon the argument of this case the first three objections
VOL. CLXIV—37

to the plaintiff's title, as reasons given in the case stated, for not considering the same marketable, were not seriously urged or insisted upon, nor do we think them well taken.

" In the mechanic's lien as filed the owner was named : ·Estate of Mary Reece, deceased.' While this may not be considered the name of a person, it is sufficient to give notice and put all on inquiry, and is substantially the same as if filed against Mary Reece, or as if she were named as owner. The superfluous words used serve only to inform that Mary Reece had died after the lien attached.

" 2. The lien as filed shows that the work was done and material furnished in the improvement of separate real estate of Mary Reece, viz : the erection of a building thereon. Any other averments, in order to charge her property, would seem to be unnecessary since the married woman's act of 1887.

" 3. As to the failure to apportion the claim between the two houses, we think it too late, after judgment, execution and sale of the premises, to raise this objection. At all events, it is not a sufficient reason for striking off the lien.

" 4. The most serious objection raised is the fourth in the case stated, viz, that the scire facias upon the lien was issued against the administrator of Mary Reece alone, and without her husband and heirs at law being either named or served. The question raised by this objection does not seem to have been passed upon by the Supreme Court. The act of assembly upon which defendant relies to sustain this objection is that of February 24, 1834, which provides that ' In all actions against the executors or administrators of a decedent who shall have left real estate, where the plaintiff intends to charge such real estate with the payment of his debt, the widow and heirs or devisees and the guardians of such as are minors shall be made parties thereto.'

" Is the proceeding on a mechanic's lien an action within the meaning of this act? It has been decided that a scire facias on a mortgage is not such an action, because it is a proceeding under another act of assembly making special provision therefor. The mechanic's lien act also makes provision for proceeding thereon, and for the same reason that proceeding may not be considered an action within the meaning of the act of 1834.

" It has also been decided that a scire facias to revive a judgment against a decedent obtained in his lifetime does not come within the act, for the reason that the lien was obtained before the death of the defendant.  So in the case of a mechanic's lien, the lien attaches from the date of furnishing the material and doing the work, and the filing is for the purpose of preserving it, and for the same reason it would seem to be unnecessary to make the heirs at law parties.

" The lien, too, as filed, is against the building—in rem and not in personam—and it would seem that the act was intended to apply when a judgment is sought to be obtained.  A mechanic's lien is not such an action, but, as stated, is a proceeding in rem.  It is not sought therein to charge real estate of decedent generally, the lien is against the building, and the only real estate charged is incidental to the building.

" It is suggested that the heirs, not having been made parties, could, in an action of ejectment, set up a defence to the mechanic's lien.  But there is no suggestion in the case stated of any defence to the lien.  Judgment has been regularly entered thereon, and are we then, in determining the marketable character of the title, to assume that there is a defence and declare the title not marketable ?  Must we not, in the absence of any such suggestion, assume that none exists and refuse on any such ground to determine the title not marketable ?

" It is held to be unnecessary to make the heirs at law parties to a proceeding to sell real estate of decedent for the purpose of paying his debts, for the reason that the proceedings and sale are sufficient notice to them.  We have the same character of notice in the proceedings and sale on a mechanic's lien, and if the notice is sufficient in one case why not in the other ?

" It has been held, too, that a title under the statute of limitations, although subject to attack, is a marketable one.  We think no other or greater objection can be raised to this one.

" We are therefore of the opinion that the plaintiff's title to the premises in question in this case is a good and marketable one ; and, in accordance with the agreement mentioned in the case stated, and that judgment in said case stated should be entered for plaintiff, it is so ordered."

*Error assigned* was entry of judgment as above.

*Seward W. Haymaker, John C. Haymaker* with him, for appellant.

*Wm. Yost,* for appellee, filed no paper-book.

PER CURIAM, Nov. 5, 1894:

There was no error in entering judgment on the case stated in favor of the plaintiff. All that can be profitably said on the questions involved will be found in the opinion of the learned president of the court below; and on it we affirm the judgment.

Judgment affirmed.