## Jones *v.* Beale, Appellant.

*Municipal liens—Tax liens—Service by posting and advertisement—Act of June 10, 1881, P. L. 91.*

The Act of June 10, 1881, P. L. 91, providing for service by posting and advertisement in proceedings on a municipal claim, applies to proceedings against a registered owner of real estate on a municipal lien for taxes.

The act applies to a registered owner who is dead.

Where the record of a scire facias sur municipal lien for taxes shows on its face that the registered owner is dead, an acceptance of service

for the registered owner, or for "her estate" is fatally defective. In such a case the fact that the administrator of the registered owner is made a party defendant, and service accepted for him, is immaterial, if the record fails to show any exceptional right of the administrator to represent the real estate.

There is no such legal entity as an "estate" and as a designation of a party to be served with a writ it is unknown to the law.

In matters depending on statutory authority for their entire validity the statute must be followed strictly.

Remedial statutes should be applied so as to make the remedy co-extensive with the evil, if it can be done by reasonable construction in furtherance of its object.

Argued Jan. 14, 1907. Appeal, No. 339, Jan. T., 1906, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1906, No. 3,726, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Mary J. Jones, Executrix of the Estate of Silas Jones, deceased, v. George M. D. Beale. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit to recover balance of purchase money for real estate. Before McMICHAEL, P. J.

The defendant declined to pay the purchase money on the ground that a tax sale through which plaintiff claimed title was fatally defective.

Other facts appear by the opinion of the Supreme Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Walter Biddle Saul*, with him *Robert W. Finletter*, for appellant, cited : Simons v. Kern, 92 Pa. 455 ; Phila. v. Cooper, 212 Pa. 306.

*Ira Jewell Williams*, with him *Francis Shunk Brown* and *Alex. Simpson, Jr.*, for appellee.—Service by scire facias sur mechanics' lien upon the administrator of a deceased owner is good : Reece v. Haymaker, 164 Pa. 575.

In every case in which a lien or charge exists upon real estate and the owner dies, the remedy is by scire facias against

the administrator, including a mortgage : Chambers v. Carson, 2 Whart. 365 ; Mather v. Clark, 1 Watts, 491 ; Mevey's Appeal, 4 Pa. 80 ; Tryon v. Munson, 77 Pa. 250 ; a pre-existing judgment : McMillan v. Red, 4 W. & S. 237 ; McMurray v. Hopper, 43 Pa. 468 ; Middleton v. Middleton, 106 Pa. 252 ; Grover v. Boon, 124 Pa. 399 ; Shannon v. Newton, 132 Pa. 375 ; and a ground rent : Rushton v. Lippincott, 119 Pa. 12.

There being a registered owner it was essential that the claim should be filed against him, and that service be made upon him, as otherwise no title would pass : Simons v. Kern, 92 Pa. 455 ; Gans v. Phila., 102 Pa. 97.

If a defendant dies, that fact may be suggested by the plaintiff and the name of his executor, administrator or heir-at-law embodied in the suggestion. This will not operate as a substitution, but will support a scire facias directly to the parties so named : Hall's Appeal, 1 Pennypacker, 223 ; Philadelphia v. Jenkins, 162 Pa. 451.

Acceptance of service is, of course, equivalent to a general appearance, which waives any defect in the service : Boro. of Jeannette v. Roehme, 9 Pa. Superior Ct. 33 ; s. c., 197 Pa. 230 ; Philadelphia v. Scott, 72 Pa. 92 ; Hering v. Chambers, 103 Pa. 172.

OPINION BY MR. CHIEF JUSTICE MITCHELL, March 4, 1907 :

The Act of March 14, 1865, sec. 9, P. L. 324, after directing that it shall be the duty of owners of houses and lots in the city of Philadelphia to furnish descriptions of their lots to the chief engineer and surveyor (now the registry bureau of the department of public works), provides that " no property so returned shall be subject to sale for taxes thereafter to accrue as a lien of record thereon, except in the name of the owner as returned, and after recovery by suit and service of the writ on him made as in the case of a summons."

By the supplementary Act of March 29, 1867, P. L. 600, the provision quoted was extended to " taxes or other municipal claims."

The object of both of these acts, as stated by STERRETT, J., speaking of the Act of March 23, 1866, P. L. 303, in Simons v. Kern, 92 Pa. 455, was " to remedy the then existing grievances, fully recited in its preamble, among which were the op-

pressive costs and expenses to which property owners were subjected, and especially the sale of their property without notice to them." These remedial statutes, however, were found in one respect to be more drastic than the evil required, for in the case of a registered owner who was nonresident or could not be found, no service as in case of summons could be made upon him, and the city was powerless to collect its just dues. In Simons v. Kern, 92 Pa. 455, it was held that service by posting and advertisement (the practice under prior laws) and a return of nihil habet as to the registered owner, was a nullity, that judgment founded on it was void, and that the defect was one of jurisdiction of which the purchaser at the sheriff's sale was bound to take notice.

To relieve the situation in which the city was thus placed the Act of June 10, 1881, P. L. 91, provided : " That whenever it shall be made to appear, by affidavit filed of record, that after diligent search and inquiry registered owners of any real estate, against which a municipal claim has been or may hereafter be filed as a lien, by or in the name of any city of the first class, are nonresidents of such city, or cannot be found therein, it shall and may be lawful for the sheriff to whom any writ of scire facias for the collection of any such claim is directed, to proceed to make known the same by posting " and advertisement, etc.

The first question that arises relative to this act is whether it applies to registered taxes. They are not expressly named, the words of the act being " any municipal claim." But registered taxes are in a general sense municipal claims, i. e., claims by the city in its municipal capacity, and they are assimilated in their enforcement by lien of record and method of collection by scire facias. The hardship to the property owner by sale without notice, etc., was the same in both cases, and the remedial acts of 1865 and 1867 provided the same remedy for both, by the registration of the name of the owner, and prohibition to sell without service of the writ on him as in the case of a summons. If the act of 1881 does not apply to registered taxes, then as to them the city is still in the same position as it was when Simons v. Kerns was decided, helpless when no service can be made on the registered owners. When the legislature had before it for consideration

two kinds of claims which it had classed together in the act of 1867, and which in practice had developed the same inconvenience to the city, it is not reasonable to suppose that it meant the remedy, equally needed and equally adapted to both, should be restricted to one.   We are of the opinion that the act of 1881 applies to registered taxes as well as to other municipal claims.

The appellee refers to the Act of March 23, 1866, P. L. 303, as in pari materia, and cites Philadelphia v. Scott, 72 Pa. 92, in which it was held that that act did not apply to registered taxes.   But that decision was founded on the difference in · prior laws in relation to taxes, historically reviewed by READ, J., and the reasoning of the opinion, never entirely satisfactory, is based on the difference in the kind and expense of advertisement (one by description of the property, the other merely by the name of the delinquent taxpayer), and the collection by different departments of the city government, i. e., the receiver of taxes in one case and the city solicitor in the other.   The bearing of that case is not so direct as to require us to make what we could not but consider an erroneous application of. the law in this.

The remaining question under the act of 1881 concerns the method of service where as in the present case there is an owner registered but he is dead.   The act makes no express provision for such case.   The appellee contends that being casus omissus we are relegated to the prior law, and service must be made as in mechanics' claims, in which service on an executor or administrator is held good, citing as parallel cases the proceedings under mortgages, pre-existing judgments and ground rents.   But there is a serious distinction between the classes of cases.   In · the class suggested of mortgages, judgments, ground rents, etc., the obligation grows out of personal contract or conduct which implies notice in its inception and the duty of keeping informed as to the status of the obligation itself from time to time.   The tax or municipal claim on the other hand is an imposition ·in rem of which the owner has not necessarily any personal knowledge or notice at all.   To secure him such notice was the object of the statutes involved, and we should. not go back to the old evil unless under ·constraint by want of alternative.   In Simons v. Kern, already

cited, it is said " Prior legislation as to the mode of service on registered owners so far as it is inconsistent with the supplement of 1867 was in effect repealed thereby, and where it appears of record that the writ was not served ' as in the case of a summons' there is clearly a want of authority either to issue or execute the writ." And in Philadelphia v. Cooper, 212 Pa. 306, it was held that a scire facias on municipal claim not served on the registered owner, and no affidavit filed that he was a nonresident or could not be found, was so fatally defective that it would not support an alias legally served but issued after the lien of the claim had expired. Our Brother Elkin said, " The lien of the mechanic or municipal claim being by statute, its validity, duration and extent are wholly dependent upon compliance with the statutory provisions. . . . If there is personal service on the registered owner, it must be in the same manner as a summons, as provided in the Act of March 29, 1867, P. L. 600. If personal service on the registered owner is not made then an affidavit must be filed suggesting that the registered owner is a nonresident or cannot be found, to be followed by posting and publication, as provided by the Act of June 10, 1881, P. L. 91."

These extracts are but recent expressions of the uniform current of decision, that in matters depending on statutory authority for their entire validity we must follow the statute strictly, and the further principle that remedial statutes should be applied so as to make the remedy coextensive with the evil, if it can be done by reasonable construction in furtherance of its object. The act of 1881, though making no express provision for the case of the death of the registered owner, has a provision for the facilitation of the city's course in a closely analogous case. Where it is made to appear by affidavit filed of record after diligent search and inquiry that the owner is nonresident or cannot be found the sheriff is authorized to serve by posting and publication. Whether the registered owner is nonresident, or dead, produces the same obstruction to the statutory command to serve him as upon a summons. He is within the literal terms of the act that he cannot be found for purposes of service. The inconvenience to the city is the same and the remedy for the one case is equally appropriate to the other. We are of opinion that it should be fol-

lowed, and thus the statute be made efficacious to the full extent of the mischief it was intended to remedy.

Turning to the record in the present case we find it bristling with irregularities. The claim is filed against an owner and Louisa C. Robeson, registered owner. A suggestion was filed by the city that "Louisa C. Robeson, the registered owner, is deceased, and the present owner of the lot of ground against which this claim is filed is the estate of Louisa C. Robeson, deceased, Samuel L. Robeson, administrator, and its name is therefore suggested on the record as defendant." On the same day the city filed an affidavit of service of the notice required by statute preliminary to the issue of a scire facias, in which the affiant deposes that Louisa C. Robeson is the owner or reputed owner and has a known residence in the city of Philadelphia, and that affiant had served the notice upon the said owner by handing it to Silas Jones. There is thus a direct contradiction between these two papers filed on the same day by the city as plaintiff. In the affidavit no information is given as to who Silas Jones was, nor why he should be served with notice for the registered owner whom the affidavit avers to be living. On the other hand, service of the notice itself, of which a copy was filed, was accepted by Silas Jones, as "attorney for Samuel L. Robeson, administrator of the estate of Louisa E. Robeson, deceased." When we come to the scire facias the matter is not improved. It was issued on the claim filed as already noted against Louisa C. Robinson, owner or reputed owner, and Louisa E. Robeson, registered owner; recited the suggestion of the administrator as the present owner and commanded the sheriff to "make known to the said Louisa C. Robinson, owner, and Louisa E. Robeson, Reg. Own., and the estate of Louisa E. Robeson, dec'd, Samuel L. Robeson, Adm., and to all such persons as may hold or occupy the said building and premises, that they be and appear before the Judges of our Court," etc. Service of this writ was accepted by Silas Jones "attorney for defendants." Notwithstanding the affidavit of service of the preliminary notice on Louisa C. Robeson, the registered owner, it is plain upon the whole record that she was dead, and there could be no acceptance of service for her. There could be none for her "estate," as there is no such legal entity. It is a convenient phrase sometimes to

identify the subject of litigation in the orphans' court, and in proceedings in rem it may be treated as harmless superfluity (as in Reece v. Haymaker, 164 Pa. 575), but as a designation of a party to be served with a writ it is unknown to the law. The third defendant was the administrator who prima facie had no concern with the real estate, and whose exceptional right to represent it, if any he had, was not set out. The acceptance of service of the writ, was not by any one or for any one who answered to the statutory requirements, or could bind the rem. There was, therefore, an entire failure of such service as would sustain the judgment, and the sale, as in Simons v. Kern, was void for want of jurisdiction patent on the record of which the purchaser was bound to take notice.

The other point raised by the appellant as to the presumption of a trust in Jones from his having purchased while apparently acting as attorney for the owners, need not be considered. The plaintiff's title not being marketable the appellant was not bound to accept it.

Judgment reversed and procedendo awarded.