## Maloney *v.* Simpson, Appellant.

*Municipal lien—Return of service—Amendment of return—Act of June 4, 1901, P. L. 364.*

1. A sheriff's return may always be amended so as to conform to the truth, unless some new right has arisen in the meantime founded upon the defective return.

2. Where a sheriff's return of a service of a writ of scire facias sur municipal lien fails to set forth that he made inquiry "of three persons residing nearest to the property as to the names and residences of the real owners," when in fact such inquiry was made, the return may be amended even after a sheriff's sale and deed to the purchaser, so as to conform to the facts.

3. Where such an amendment has been allowed, and no appeal taken therefrom, the correctness of the allowance cannot be attacked in a collateral proceeding.

Argued Oct. 27, 1909. Appeal, No. 181, Oct. T., 1909, by defendants, from order of C. P. No. 3, Allegheny Co., Aug. T., 1909, No. 109, making absolute rule for judgment for want of a sufficient affidavit of defense in case of M. F. Maloney v. David Simpson and Frederick L. Schmeltz, partners doing business as Simpson & Schmeltz. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover purchase money of real estate. Before DAVIS, J.

From the record it appeared that the defendants refused to accept title under the agreement of purchase, because of the invalidity of the sheriff's sale under which plaintiff derived title.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*S. Harvey Thompson,* for appellants.—If at the entry of judgment upon a municipal claim there be not service upon, or constructive notice to, the real owners in the manner provided by the statute the proceeding is void, the judgment so erroneously entered is void and may be attacked in a collateral proceeding and the estate of the owners therein remain undivested by a sheriff's sale on the judgment: Baines v. Alker, 207 Pa. 234; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231; Fryer v. Magill, 163 Pa. 340; Ferguson v. Quinn, 123 Pa. 337.

It is submitted that under the circumstances of this case the common pleas court did not have the power to validate the erroneous judgments already entered in the scire facias proceedings by allowance of an amendment to the sheriff's return, after the sheriff's sale of the land upon execution issued on the judgment.

*R. B. Petty,* with him *Wm. F.* and *R. B. Petty, Jr.,* for ap-

pellee.—A scire facias on a municipal claim is a proceeding in rem; and a sheriff's sale under a judgment obtained thereon passes the title to the purchaser, whether the real owner has been named or not: Delaney v. Gault, 30 Pa. 63; Soullier v. Kern, 69 Pa. 16; Emrick v. Dicken, 92 Pa. 78; White v. Ballantine, 96 Pa. 186; Bryan's App., 101 Pa. 389; Hering v. Chambers, 103 Pa. 172; Milleisen v. Senseman, 4 Pa. Superior Ct. 455; Philadelphia v. Merritt, 29 Pa. Superior Ct. 433.

We contend further, that the amendment of the sheriff's return was properly made (although unnecessary), inasmuch as the sheriff had actually made the inquiry, and the omission to make return was an oversight: Shamburg v. Noble, 80 Pa. 158; Burrows v. Heysham, 1 Dallas, 133; Wampler v. Schissler, 1 W. & S. 365; Berryhill v. Wells, 5 Binney, 56; Spackman v. Byers, 6 S. & R. 385; Paul v. Harden, 9 S. & R. 23; Com. v. Silcox, 161 Pa. 484.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

The Act of June 4, 1901, P. L. 364, sec. 18, provides for the service of process issued on municipal claims. Under that act, it is the duty of the sheriff, to whom a writ of scire facias is given for service, in case no one be found in possession of the property described, to "make inquiries of at least three persons separately residing upon or nearest thereto, as to the names and residences of the real owners of said property," and to "add their names to the writ as parties defendant, if not already named therein," and to serve the writ upon them. The original return of the sheriff did not show that he had complied with the above requirements of the act. Judgment on the claim was, nevertheless, entered, a levari facias issued and the property sold by the sheriff and a deed made to the purchaser. Subsequently, the sheriff upon showing to the court that he had in fact complied with the act, was permitted to amend his return so as to conform to the facts.

If the sheriff had failed to comply with the requirements of the statute as to service, there can be no doubt that the judgment entered would be void, and that a sale upon it would not vest a good title in the purchaser.

In Simons v. Kern, 92 Pa. 455, where the return of the sheriff did not show service of the scire facias on the registered owner and did not set forth the place of posting and the time and manner of publication, it was held, reversing the court below, that the judgment was void, and no title passed to a purchaser at a sheriff's sale upon it. In Ferguson v. Quinn, 123 Pa. 337, and Alles v. Lyon, 216 Pa. 604, it was held that failure to serve the scire facias in the manner prescribed by the act of assembly, rendered a judgment entered upon the claim void, and a sheriff's sale on such judgment passed no title. In Jones v. Beale, 217 Pa. 182, where the sheriff's return did not show service in compliance with the statute, Chief Justice MITCHELL said (p. 189): "There was, therefore, an entire failure of such service as would sustain the judgment, and the sale, as in Simons v. Kern, 92 Pa. 455, was void for want of jurisdiction patent on the record, of which the purchaser was bound to take notice."

But in this case the return of the sheriff as amended by leave of court, is in conformity with the requirements of the act. Had the court power to allow the amendment of the return, after judgment had been entered, and a sale been made? We think so. The general rule seems to be that a return may always be amended so as to conform to the truth, unless some new right has arisen in the meantime, founded upon the defective return. Thus in Scott v. Seiler, 5 Watts, 235, Justice KENNEDY said (p. 241): "It is certainly true that sheriffs, upon application made to the court within a reasonable time, have been permitted frequently to amend their returns to writs, where it has been shown clearly that they were made through mistake in regard to some matter of fact, which, from its nature, might not be within their own knowledge."

In West v. Nixon, 3 Grant, 236, the sheriff was permitted to make a return to a writ after the return day. Justice THOMPSON said, "The return was good and could be made as well after as before the return day. In practice this often occurs, and is sometimes allowed to be made after a lapse of several years to avoid apparent irregularities." In Peck v. Whitaker, 103 Pa. 297, it was held that an amendment to a

sheriff's return of a sale of real estate, amending the name of the purchaser so as to conform with the fact, was properly allowed, although the term of the sheriff had expired and nine years had elapsed since the sale.

And in Brundred v. Egbert, 164 Pa. 615, it was held that an irregular return to a scire facias sur mortgage might be amended by the sheriff.

It cannot be doubted that the court had power to permit the amendment to be made in this case; and as the order was made by a court of competent jurisdiction, and no appeal was taken, the correctness of the order cannot properly be questioned collaterally, in this proceeding.

The specifications of error are overruled and the judgment is affirmed.