# Philadelphia to use, Appellant, *v.* Peters (No. 1).

*Municipal claims—City of Philadelphia—Registered owner—Name of owner—Scire facias.*

1. Where real estate in the city of Philadelphia is registered in the name of a particular person, and after the death of such person a municipal claim is filed against the property designating it as the "estate of" the deceased owner as "owner and registered owner," the claim is valid and is sufficiently descriptive of the land. The designation of the estate is sufficient notice to put all persons upon inquiry.

2. Where an affidavit of defense has been filed to a scire facias sur municipal lien for paving and subsequently an issue of fact in the proceeding is raised by a plea, the mere failure to obtain a final judgment within five years after the writ of scire facias had issued, and subsequent proceedings to revive had been taken, is not ground for striking off the claim.

Argued Dec. 16, 1913. Appeal, No. 201, Oct. T., 1913, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. Term, 1897, No. 1,756, M. L. D., making absolute rule to strike off municipal claim in suit of City of Philadelphia to use of Thomas Cunningham v. Estate of Margaret A. Peters, Owner and Registered Owner. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Reversed.

Rule to strike off municipal lien.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule to strike off claim.

*Henry Baur*, assistant city solicitor, with him *Michael J. Ryan*, city solicitor, for appellant.—When the owner of property dies, it would be impracticable to require the city to specifically name the heirs, the present actual owners, and where they fail to register their titles they

have no right to require it: Northern Liberties v. Coates' Heirs, 15 Pa. 245; Wistar v. Philadelphia, 86 Pa. 215; Funk v. Harkness, 3 Pa. Dist. Rep. 423; Philadelphia to use v. Unknown, 149 Pa. 22; Philadelphia v. Unknown, 20 Pa. Superior Ct. 203; Philadelphia v. Peyton, 25 Pa. Superior Ct. 350; Philadelphia v. Wistar, 10 W. N. C. 275.

Failure to obtain judgment upon a writ of scire facias, issued to revive a municipal claim filed under the act of 1897, does not invalidate the lien: Phila. v. Sciple, 31 Pa. Superior Ct. 64; Phila. v. Hey, 20 Pa. Superior Ct. 480.

*Walter Biddle Saul,* for appellee, cited: Jones v. Beale, 217 Pa. 182; Reece v. Haymaker, 164 Pa. 575.

OPINION BY PORTER, J., July 15, 1914:

The city of Philadelphia, on March 2, 1898, filed a claim, based upon an assessment for paving the cartway of a street, against a lot of ground accurately described, and "Estate of Margaret A. Peters, owner and registered owner," of said lot. A writ of scire facias was issued on August 18, 1899, and on September 13, following a general appearance was entered by an attorney for the defendant and an affidavit was filed by Emanuel K. Peters, averring that he was one of the owners of the land and stating a defense which went to the merits of the claim, upon the ground that the street was not a public highway and that the work was done upon private property. Jacob M. Peters subsequently filed his affidavit stating that he had, in May, 1900, become the sole owner of the property and that there was a full defense to the claim, to wit: "That the ground on which the work mentioned in the said claim was done was, at the time the same was done, private property, and the use plaintiff in entering upon said property to do said work was a trespasser." He prayed that he be permitted to intervene and defend, and the court so ordered. Jacob

M. Peters then entered a plea, alleging the special matter above quoted, and the scire facias was thus put at issue. The issue thus arrived at has never been tried. Alias writs of scire facias were subsequently issued, to revive and continue the lien, but with the regularity of those writs we are not at present concerned.

The defendant, on April 16, 1913, obtained a rule to show cause why the original claim filed by the city should not be stricken from the record, alleging the following reasons: "(1) Because the lien was improperly filed against the 'Estate of Margaret A. Peters,' there being no such entity known to the law. (2) Because the claim, even if properly filed, has not been revived in accordance with the acts of assembly, a scire facias having been issued in 1899, to which an affidavit of defense was filed, the issue raised not having been determined and no judgment ever having been entered on the said writ." The court made this rule absolute, striking the claim from the record, and from that order the city appeals.

The first reason assigned for striking the claim from the record raises no question as to the authority of the city to charge the land with the amount of the claim, it challenges only the form in which the claim was filed. The objection is that the "Estate of Margaret A. Peters" is not an "entity known to the law." This was strictly a proceeding in rem. Were it not for those statutes relating to the registration of titles in certain municipalities, the mention of the name of the owner in connection with the assessment of the land is only required as descriptive of the land, and when the assessment and the claim within themselves clearly and absolutely identify the land, that is all that is required: Philadelphia v. Peyton, 25 Pa. Superior Ct. 350; Northern Liberties v. Coates' Heirs, 15 Pa. 245; Wistar v. Philadelphia, 86 Pa. 215. The terms "estate of," or "heirs of," are not in themselves a sufficient designation of a party to be served with a writ, but in proceedings in rem they may be treated as harmless superfluities:

Reece v. Haymaker, 164 Pa. 575; Jones v. Beale, 217 Pa. 182. The estate of Margaret A. Peters, deceased, owner and registered owner, cannot be considered the name of a person, but it is sufficient to give notice to put all persons upon inquiry, and is substantially the same as if the lien had been filed against Margaret A. Peters, registered owner. The superfluous words used serve only to inform that Margaret A. Peters was the name in which the title stood upon the registry, but that she was in fact dead at the time the claim accrued as a lien of record. The Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, impose upon owners of property the duty to register their titles, and when they discharge that duty the city is required, as to claims subsequently filed, to take notice of that registration. The title to this property was registered in the name of Margaret A. Peters, but it is an undisputed fact that Margaret A. Peters was dead. The manner in which this lien was filed clearly disclosed the name of the registered owner, which was a full compliance with the provisions of the statutes, and it was not invalidated because it went further and indicated that that registered owner was dead, which was the exact truth. The first reason for striking off the lien was not well founded.

This claim was filed in 1898 and proceedings under it are subject to the provisions of the Act of July 26, 1897, P. L. 420: Philadelphia v. Sciple, 31 Pa. Super. Ct. 64; Philadelphia v. Steward, 31 Pa. Super. Ct. 72; Philadelphia v. Mason, 37 Pa. Super. Ct. 478. The mere failure to obtain a final judgment within five years after the original writ of scire facias issued did not invalidate the lien and the second alleged reason for striking off the claim was not well founded.

The persons who owned this lot at the time the claim accrued as a lien of record had not discharged the duty imposed upon them by the acts of 1865 and 1867, supra, by causing the registry of the title to the property to disclose their ownership. They suffered the title to re-

main registered in the name of Margaret A. Peters, who was dead. The city, when it filed the claim, showing that Margaret A. Peters was the registered owner and that she was dead did all that it was by the statutes required to do. The claim when filed was valid, and the court below fell into error in striking it off. If the claim has lost its lien, because of the manner in which the subsequent proceedings have been conducted, the defendant can take advantage of that fact upon the trial of the issue, which trial it is within his power to expedite.

The order striking off the claim is reversed, the claim is reinstated, and the record remitted for further proceedings.