## Bailian v. Keishian.

*Service of process — Residence — Sheriff's return — Amendment — Act of July 9, 1901.*

1. A sheriff's return may not be amended if the return as amended would not conform to the truth.

2. Residence means a man's actual home or domicile in the sense that he has no other.

3. When the defendant is a non-resident, temporarily sojourning within the jurisdiction, a return of service purporting to have been made under section 1 (b) of the Act of July 9, 1901, P. L. 614, by leaving a copy of the writ with an adult member of his family at his dwelling-house, may not be amended so as to show that service was made under section 1 (c) at his place of residence by leaving a copy of the writ with an adult member of the family with whom he resides.

Rule to amend sheriff's return. C. P. No. 3, Phila. Co., June T., 1922, No. 10317.

*John McConaghy, Jr.,* for plaintiff; *Robert T. McCracken,* for defendant.

FERGUSON, J., Feb. 27, 1923.—This is a rule taken by the sheriff to amend the return of service in an action of trespass. The sheriff served the writ on Aug. 26, 1922, and made return that he had served the defendant by handing a true and attested copy of the writ to an adult member of defendant's family at No. 5836 Hazel Avenue, the dwelling-house of defendant. He seeks to amend the return so that it shall read that the copy was handed at the place of residence of defendant, No. 5836 Hazel Avenue, Philadelphia, to an adult member of the family with whom said defendant resided. It will be observed that the original service purported to be made by handing a copy to an adult member of defendant's family at his dwelling-house, and the amendment seeks to substitute the word "residence" for dwelling-house.

Depositions were taken against the rule. From these depositions it appears defendant had been a resident of the City of Syracuse, in the State of New York, since September, 1920, and was engaged in business there. In the early part of August, 1922, he obtained a week's vacation to visit Philadelphia to arrange for the disposition of some real estate owned by him. While in Philadelphia the accident occurred from which the present suit resulted. This caused the defendant to stay in Philadelphia three or four weeks longer than he intended. While here he lived at the residence of his brother's wife's family. As soon as he was able he left Philadelphia and returned to Syracuse.

The Act of July 9, 1901, § 1, P. L. 614, provides that service of a summons in personal actions may be made upon an individual defendant by handing a true and attested copy (*a*) to him personally; (*b*) to an adult member of his family at his dwelling-house; (*c*) at his place of residence to an adult member of the family with whom he resides; and (*d*) at his place of residence to the manager or clerk of the hotel or boarding-house at which he resides.

In Maloney *v.* Simpson, 226 Pa. 479, the court said: "The general rule seems to be that a return may always be amended so as to conform to the truth, unless some new right has arisen in the meantime founded upon a

defective return." If, therefore, it is a fact that the defendant resided at No. 5836 Hazel Avenue on the day of service, the sheriff ought to be allowed to amend his return. If he did not reside there, the sheriff ought not to be allowed to amend his return, because such amendment would not be in accordance with the truth. It follows that the meaning of the word "residence" is the test in this case. In our opinion, the word means the place which is a man's actual home or domicile in the sense that he has no other. A man living in one city may make a visit for pleasure or business to another city. There he may lodge with friends or relatives or at a hotel. If the visit was only casual and temporary, the former place would remain his residence. Residence implies permanency as distinguished from something merely temporary. It would hardly be contended that a traveling salesman acquired a residence at the hotel in every town he visited and stayed for a day. If he did, a person, several months after returning to his home from a summer vacation, might be served with a writ by leaving a copy with the clerk of the hotel at which he stayed. The language of the act shows an intention to provide for every form of residence a man might have, but it shows no intention to do more. Service at his dwelling-house by leaving a copy is good. So is service at the house where he resides provided for. Such a situation is presented when a man lives with his parents and pays no board. Likewise provision is made for service when a man resides at a boarding-house. In all these provisions it is plain the man's home is the thing which gives efficacy to service by the leaving of a copy with some one other than the defendant himself. Something more than mere occupancy, present or recent, is meant.

Under the facts disclosed by the depositions, we must refuse to permit the sheriff to amend his return, because it would not conform to the truth.