## Cassell v. Revera, Inc.

*William S. Bailey*, for plaintiff.
*Solomon Hurwitz*, for defendant.

HARGEST, P. J., October 21, 1935.—This case comes before us upon a petition to quash the service of a writ of foreign attachment and also upon a petition to amend the sheriff's return.

The sheriff made a return that he had served the attachment upon R. Shertzer and also upon Francis Hoy, warden of the Dauphin County Prison. The return as to the last service is as follows:

"And now, April 13, 1935, at 10:00 A. M., served copy of attached writ on Francis Hoy, Warden, Dauphin County Prison, added defendant, and party in possession of goods and chattels belonging to Revera Corp. Service made in the presence of James Russell, Charles Leas and Cornelius Nelley, three credible witnesses. So answers George N. Barnes, Sheriff."

On May 21, 1935, the plaintiff sought and obtained a rule to show cause why that return should not be set aside, but sometime subsequent to the date of the original service, the sheriff, on his own motion, filed an amended return as follows:

"And now, April 13, 1935, at 10:55 A. M., served copy of the attached writ on Francis Hoy, Warden, Dauphin County Prison, added defendant, and party actually in possession of the goods belonging to Revera, Inc. Service made in the presence of, and declared in the presence of James Russell, Charles Leas and Cornelius Nelley, three credible witnesses of the neighborhood, that I attached the said goods and effects, namely, one large zipper bag containing various samples of clothing. So answers George N. Barnes, Sheriff."

The plaintiff, on June 17, 1935, presented a petition and obtained a rule to show cause why the return, as amended, should not be permitted. The defendant thereupon answered that petition and rule, averring that the amended return was not in conformity with the facts and did not satisfy the requirements of the law. These two motions are before us.

With the first motion we have no difficulty whatever; the sheriff's return may be amended so as to conform with the truth, and the mere allegation that the return is not in conformity with the facts cannot be considered, because we cannot, for that purpose, go behind the return itself: Maloney v. Simpson, 226 Pa. 479; Maris et al. v. Schermerhorn et al., 3 Whart. 13; De Lhoneux v. Pirnay, 17 W. N. C. 284; Manin et al. v. Blauner, etc., 40 Dauph. 308.

On the second petition and rule, the question is whether the three persons named in the amended return are "credible persons of the neighborhood".

Section 48 of the Act of June 13, 1836, P. L. 568, 12 PS §2921, provides, with reference to the service of foreign attachments:

"The officer to whom such writ shall be directed, shall go to the person in whose hands or possession the defendant's goods or effects are supposed to be, and then and there declare, in the presence of one or more credible persons of the neighborhood, that he attaches the said goods or effects."

This court has recently reviewed this statute in the case of Manin et al. v. Blauner, etc., 40 Dauph. 308, in which we held that the directions of the statute are mandatory and must be strictly pursued, and said that "the word 'neighborhood' used in the act does not mean all of Dauphin County; it means one or more credible persons in the neighborhood where the garnishee was found."

Counsel have stipulated that the three persons named in the return reside as follows: James Russell, 1312 Penn Street, Harrisburg, Pa.; Charles Lease, 72 North

Seventeenth Street, Harrisburg, Pa.; Cornelius Nelley, 23 South Second Street, Harrisburg, Pa.; that James Russell and Charles Lease at the time of the service of the writ were regularly employed in the Dauphin County Prison, and Cornelius Nelley was a deputy sheriff of Dauphin County. The court may perhaps take judicial notice of the fact, as the street numbers indicate, that one of these witnesses lives about 13 city blocks distant from the Dauphin County Prison, and the other about 17 blocks in another direction, and that Cornelius Nelley lives approximately one block away.

It is argued, however, that Cornelius Nelley is a deputy sheriff and that he does not, therefore, come within the legal category of "credible" because he is the deputy of the person who served the writ, and is not, therefore, a disinterested person within the contemplation of the statute. We are of opinion that this position is not sound. Cornelius Nelley officially is a deputy sheriff but he is still a person, and the fact that he is a deputy sheriff does not put him out of the category of being a "credible" person. We would rather assume the contrary. The act does not say the thing is to be done in the presence of a "disinterested" person, it requires that it must be done in the presence of a credible person, and as Cornelius Nelley was present, being a person and being declared by the sheriff to be a credible person, and the law requiring that the service should be made "in the presence of one or more credible persons of the neighborhood," we think the strict provisions of the laws have been complied with.

It is not, therefore, necessary for us to determine whether one who lives 13 or 17 blocks away from the place of service is a person "of the neighborhood". It follows that the petition to amend the sheriff's return must be allowed, and the petition to quash the service of the writ must be dismissed.

And now, October 21, 1935, the petition to amend the writ of foreign attachment is hereby sustained and the

rule granted thereon made absolute, and the petition and rule granted thereon to quash the service is hereby dismissed at the cost of the petitioner.